# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DENISE FREEMAN,** : | |
|     Plaintiff, : | |
| : | |
| v. : | No. 24-cv-0670 |
| : | |
| **ALLENTOWN SCHOOL DISTRICT,** : | |
|     Defendant. : | |

## MEMORANDUM

**Joseph F. Leeson, Jr.**                                                                                                                      **March 1, 2024**
**United States District Judge**

      Plaintiff Denise Freeman, proceeding *pro se*, brings this action against the Allentown School District, where her granddaughter attends school. Freeman requests that she be granted access to school records, and in particular, her granddaughter's algebra grades. Freeman seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Freeman leave to proceed *in forma pauperis* and dismiss her complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.    FACTUAL ALLEGATIONS

      Freeman alleges that her rights and the rights of her granddaughter have been violated because Freeman is unable to access her granddaughter's school records.[1] (Compl. at 12.)[2] Her

---

[1] To the extent that Freeman is raising claims based on any injuries suffered by her granddaughter, Freeman lacks standing, as she may not raise claims based on injuries sustained by another. *See Twp. of Lyndhurst, N.J. v. Priceline.com, Inc.*, 657 F.3d 148, 154 (3d Cir. 2011) ("[A] plaintiff must assert his or her own legal interests rather than those of a third party" (quotations omitted)); *Osei-Afriyie ex rel. Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991) (a *pro se* litigant who is not an attorney may not pursue claims on behalf of anyone other than himself). Accordingly, any claims Freeman purports to bring on behalf of her granddaughter will be dismissed without prejudice.

[2] The Court adopts the pagination supplied by the CM/ECF docketing system. Freeman attaches numerous exhibits to her Complaint, none of which relate specifically to her claim for the release her granddaughter's school records. (*See* Compl. at 15-34.)

granddaughter is currently in the ninth grade. (*Id*. at 2.)³ After obtaining her granddaughter's report card on February 6, 2024, Freeman observed a conflict: the report card showed an "I" for her granddaughter's algebra grade, but the school's online portal showed the grade as a "D." (*Id*. at 12-13.) Freeman alleges that her algebra teacher refused to release her grade. (*Id*. at 12.) Freeman requests disclosure of her granddaughter's algebra grade, citing to a federal criminal statute, 18 U.S.C. § 3509, and to the Family Educational and Privacy Rights Act ("FERPA"), 20 U.S.C. § 1232g. (Compl. at 1-2.)

## II. STANDARD OF REVIEW

The Court grants Freeman leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

---

³ Freeman spends many pages of her handwritten complaint discussing her granddaughter's educational history as well as her own work and schooling history. (*See* ECF No. 2-10.)

As Freeman is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

**III.    DISCUSSION**

As noted above, Freeman cites two statutes to support her claim for the disclosure of her granddaughter's algebra grades.  Neither statute provides Freeman recourse here.  Section 1232g of FERPA prohibits the federal funding of educational institutions that have a policy denying parents of students the right to review the education records of their children, or that do not provide parents an opportunity to challenge their children's educational records.  However, FERPA does not give rise to a private cause of action or create rights that are enforceable under 42 U.S.C. § 1983.  *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 279 (2002) ("[W]e have never before held, and decline to do so here, that spending legislation drafted in terms resembling those of FERPA can confer enforceable rights"); *Millington v. Temple Univ. Sch. of Dentistry*, No. 04-3965, 2006 WL 83447, at *4 (E.D. Pa. Jan. 9, 2006) ("Because FERPA does not contain either an express or implied private right of action and cannot be enforced by § 1983, Millington cannot state a claim under FERPA.").

Similarly, 18 U.S.C. § 3509, which sets forth the rights of child victims and child witnesses in federal criminal matters, does not provide Freeman with a private cause of action. *See Brown v. City of Philadelphia Office of Human Res.*, 735 F. App'x 55, 56 (3d Cir. 2018) (*per curiam*) (noting that most criminal statutes do not provide private causes of action); *Humphries v. Newman*, No. 18-2936, 2022 WL 612657, at *5 (D.D.C. Mar. 2, 2022) (concluding that there is no private cause of action under 18 U.S.C. § 3509), *aff'd*, No. 22-7043, 2022 WL 3449226 (D.C. Cir. Aug. 11, 2022) (*per curiam*).  Nor can the Court discern any other plausible basis for a

federal claim from the facts alleged. Accordingly, the Court will dismiss the Complaint pursuant to § 1915(e)(2)(B)(ii) as there is no legal basis for Freeman's claims.[4]

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Freeman leave to proceed *in forma pauperis* and dismiss her Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Leave to amend will not be given as any attempt to amend would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).[5]

An appropriate Order follows.

**BY THE COURT:**

*/s/ Joseph F. Leeson, Jr.*
**JOSEPH F. LEESON, JR.**
**United States District Judge**

---

[4] The Court notes that Freeman has filed at least eight other actions in this District naming either the Allentown Board of Education or the Allentown School District. All of these prior cases have been dismissed pursuant to 28 U.S.C. § 1915. *See Freeman v. Allentown Bd. of Educ.*, Civ. A. No. 10-676 (ECF No. 2, Mar. 18, 2010); *Freeman v. Allentown Sch. Dist.*, No. 11-2408, 2011 WL 1598980, at *2 (E.D. Pa. Apr. 28, 2011); *Freeman v. Allentown Sch. Dist.*, Civ. A. No. 14-1944 (ECF No. 3, Apr. 10, 2014); *Freeman v. Allentown Sch. Dist.*, Civ. A. No. 15-59 (ECF No. 2, Jan. 14, 2015): *Freeman v. Allentown Sch. Dist.*, Civ. A. No. 17-4142 (ECF No. 2, Oct. 4, 2017); *Freeman v. Allentown Sch. Dist.*, No. 18-5093, 2018 WL 6258598 (E.D. Pa. Nov. 29, 2018); *Freeman v. Allentown Sch. Dist.*, No. 19-4336, 2019 WL 4805224, at *1-2 (E.D. Pa. Oct. 1, 2019); *Freeman v. Allentown Sch. Dist.*, No. 22-3518, 2022 WL 17583641, at *4 (E.D. Pa. Dec. 12, 2022).

In two of the prior cases, the Court warned Freeman that if she continued to file new lawsuits of the same or similar nature against the Allentown School District without alleging a cognizable claim, that the Court would be forced subject her to a pre-filing injunction. *See Freeman*, 2022 WL 17583641, at *3 n.4; *Freeman*, 2019 WL 4805224, at *2, n.3. That warning remains in effect.

[5] Given this disposition, Freeman's request for appointment of counsel (ECF No. 3) is denied as moot.